IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JAN L. MATHIS,                                    Civ. No. 04-1614-AA

       Plaintiffs,                            OPINION AND ORDER

    v.

OMNIUM WORLDWIDE, dba Omnium
Financial Receivable Services,
Inc., SARAH DOE, JENNIFER DOE,
ATHENA S. ROBERSON, ESTATE
RECOVERIES, INC., JOSELLE
ROSCITO-WILLIAMS alias M. RYAN,
DEBBIE DOE, ERIC PARSON,

       Defendants.

---

Danny H. Gerlt
Attorney at Law
8600 S.W. 30th Ave.
Portland, OR 97219
    Attorney for plaintiffs

Jeffrey I. Hasson
Davenport & Hasson
12707 N.W. Halsey St.
Portland, OR 97230
    Attorneys for defendant Estate Recoveries, Inc.

1   - OPINION AND ORDER

David H. Williams
Robert E. Sabido
Cosgrave Vergeer Kester, LLP
805 S.W. Broadway, 8th Floor
Portland, OR  97205
    Attorney for defendants Omnium Worldwide, Sarah Doe, Jennifer
    Doe and Athena S. Roberson

AIKEN, Judge:

Plaintiff filed suit alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, based on defendants' attempts to collect credit card debts owed by her deceased father.  Plaintiff seeks actual and statutory damages for the alleged violations.

Defendants Estate Recoveries, Inc. (Estate Recoveries), Omnium Worldwide (Omnium), Sarah Doe, Jennifer Doe, and Athena Roberson move for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that plaintiff is not a "consumer" within the meaning of the FDCPA and is not entitled to bring suit.  Defendants also move to strike portions of plaintiff's memorandum in response to their motions, and defendant Estate Recoveries seeks sanctions against plaintiff under Federal Rule of Civil Procedure 11.

In turn, plaintiff moves for partial summary judgment on the issue of liability, arguing that defendants' communications violated several provisions of the FDCPA as a matter of law. Plaintiff also moves to amend her complaint to add another alleged violation of the FDCPA, a state law claim of intentional infliction of emotional distress, and Chase Manhattan Bank as a defendant.

FACTS

Plaintiff is the daughter and youngest child of Charles U. Mathis and Betty M. Mathis. Beginning in 1999, plaintiff resided with her parents at the family residence and acted as their care provider and assisted with their personal finances. In that capacity, plaintiff arranged for her parents to be represented by an attorney for estate planning purposes.

On December 12, 2002, Charles U. Mathis, plaintiff's father, died. In the will of Charles Mathis, plaintiff was not named as the personal representative of the estate, although she continued to be a care provider for her mother, Betty Mathis, and managed Betty Mathis's personal finances.

Upon his death, property held jointly by Charles Mathis and Betty Mathis transferred to Betty Mathis, and plaintiff maintains that no assets were subject to probate. However, Charles Mathis was individually obligated for consumer debt on credit card accounts opened in his name only.

In March of 2003, plaintiff provided written notices to the creditors of Charles Mathis that he had died, that there were no assets remaining in his name, and that no probate of the estate would be filed. According to plaintiff, the credit card companies to which Charles Mathis was obligated assigned the collection of unpaid accounts to debt collections agencies, including defendants Omnium and Estate Recoveries.

Plaintiff alleges that in 1993 she received several telephone calls from "Dane," a representative of Estate Recoveries, seeking collection of a credit card debt of Charles Mathis. As a result of these telephone calls, plaintiff alleges that she promised to pay $3,000 for a debt she did not owe. Estate Recoveries denies these allegations. Plaintiff also alleges that in 2003 she received numerous collection letters and telephone calls from Omnium regarding her father's credit card debt.

On September 28, 2003, Betty Mathis died. After Betty Mathis's death, plaintiff continued to receive collection letters and telephone calls at her personal telephone number from defendants regarding the credit card debt of Charles Mathis. Defendants also spoke with a family friend concerning the debt of Charles Mathis after calling plaintiff.

On September 25, 2003, prior to the death of Betty Mathis, plaintiff's attorney sent a cease and desist letter to Estate Recoveries. On November 3, 2003 and April 7, 2004, plaintiff's attorney sent cease and desist letters to Omnium. In the letters, plaintiff's attorney demanded that all communications to plaintiff cease immediately and requested that communication with her be directed through counsel.

Plaintiff alleges that Estate Recoveries and Omnium continued their collection efforts and communicated with plaintiff, notwithstanding the written cease and desist letters.

On November 4, 2004, plaintiff filed this action.

STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©). The materiality of a fact is determined by the substantive law on the issue. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the

underlying facts must be viewed in the light most favorable to the nonmoving party.  T.W. Electrical, 809 F.2d at 630.

DISCUSSION

The FDCPA proscribes abusive collection practices by "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. 1692a(6).  Plaintiff maintains that defendants' repeated communications in attempting to collect the debt of her father violated the FDCPA.

Defendants move for summary judgment on the ground that plaintiff is not a "consumer" within the meaning of the FDCPA and is therefore not entitled to bring suit.  In other words, defendants argue that plaintiff does not have standing to bring suit, because she is not the "consumer" who owed the debt defendants were attempting to collect.  Defendants' motions are notable for their lack of supporting authority and analysis.  Put simply, defendants argue that because plaintiff is not a "consumer" and did not personally owe a debt, there exists no "debt" within the meaning of the FDCPA, no communications with a "consumer" regarding that "debt," and no violations of the FDCPA.  Defendants are incorrect.

Under the FDCPA, the term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." Id. § 1692a(3).  For purposes of communications between a debt

collector and consumer, a "consumer" includes the consumer's spouse, guardian, executor, or administrator. 15 U.S.C. § 1692c(d). I agree that plaintiff is not a "consumer," because she was not obligated to pay the credit card debt of her father, and she was not named as the personal representative, executor, or administrator of his estate.

However, even if plaintiff is not a "consumer," the fact that the debt was not owed by plaintiff does not mean that no "debt" existed under the meaning of the FDCPA, as defendants maintain. "Debt" is defined as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Id. § 1692a(5). Plaintiff does not allege that a "debt" was owed by her; rather, plaintiff argues that defendants attempted to collect her deceased father's debt through repeated written and telephone communications directed at her. Based on the plain language of the statute, there is a debt central to the facts of this case - the credit card debt of plaintiff's deceased father.

Aside from their recitation of the statutory definitions of "consumer" and "debt," defendants provide no authority or legal analysis in support of their argument that only a "consumer" may file suit under the FDCPA based on a debt collector's attempts to

seek recovery of a debt.  In fact, the right to bring a cause of action to enforce the FDCPA is not limited to "consumers" as that term is defined.  Dutton v. Wolhar, 809 F. Supp. 1130, 1134 (D. Del. 1992) ("[R]ecovery under the FDCPA is not limited to "consumers.'").  Rather, the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to *any person* is liable to such person in an amount equal to the sum of . . . . any actual damage sustained by such person as a result of such failure, [or] in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . . ."  15 U.S.C. 1692k(a)(1) and (a)(2)(A) (emphasis added).

Thus, the express statutory language renders a debt collector liable to "any person" for failures to comply with the any provision of the FDCPA; it does not limit causes of actions to those brought by a "consumer," so long as the alleged conduct was directed at the plaintiff.  See Muir v. Navy Federal Credit Union, 366 F. Supp. 2d 1, 1 (D.D.C. 2005) ("[A]n individual who is not subjected to the practices of a debt collector does not fall within the zone of interests intended to be protected by the statute.");  Dewey v. Assoc. Collectors, Inc., 927 F. Supp. 1172, 1174 (W.D. Wis. 1996) (Congress "did not intend to provide damages to those who did not experience any abusive behavior").  Thus, while plaintiff may not have standing to bring suit based on conduct

directed at her father, I find that the statute affords plaintiff

standing if defendants' actions were directed at her.  See Burdett

v. Harrah's Kansas Casino Corp., 294 F. Supp. 1215, 1227 (D. Kan.

2003).

In her original complaint, plaintiff alleges that defendants'

actions violated §§ 1692c, 1692d, 1692e, and 1692f of the FDCPA.[1]

Section 1692c regulates communications between debt collectors and

the consumer or third parties; § 1692d prohibits harassing or

abusive conduct in the collection of a debt; § 1692e prohibits a

debt collector from making false or misleading representations in

connection with the collection of any debt; and § 1692f prohibits

and defines "unfair or unconscionable means to collect or attempt

to collect any debt."  15 U.S.C. §§ 1692a-1692f.  Under each of

these provisions, the statutory language does not require the

prohibited conduct to be directed only at the consumer to be

actionable.

Defendants also imply that plaintiff's claims must fail,

because they directed their collection activities at "the Estate of

---

[1]I note that plaintiff's response to defendants' motions
included references to allegations of violating § 1692b and
intentional infliction of emotional distress.  Defendants thus
moved to strike these references from plaintiff's responses.
Subsequently, plaintiff moved to amend her complaint and add
these allegations.  Although I agree with defendants that
plaintiff should have sought to amend before referencing these
additional claims in her responses, I do not find it necessary to
"strike" these references.  Plaintiff's proposed amendments do
not affect the court's ruling on the motions for summary judgment
and are addressed below.

9   - OPINION AND ORDER

Charles U. Mathis" rather than at plaintiff, and plaintiff was not the personal representative of Charles Mathis's estate. Thus, defendants argue that there was no "communication" with a "consumer" under the FDCPA. I disagree. Notably, "communication" is defined as "the conveying of information regarding a debt directly or indirectly to *any person* through any medium." 15 U.S.C. § 1692a(2) (emphasis added). Here, plaintiff has submitted evidence that defendants mailed collection notices to her residence and made telephone calls to her personal telephone number after plaintiffs informed defendants that Charles Mathis had died. This evidence, when viewed in the light most favorable to plaintiff, supports the inference that defendants directed their communications to plaintiff regarding the collection of her father's credit card debt. Therefore, I find that plaintiff's claims are not barred even though she is not a "consumer," and defendants' motions are denied on this ground.[2]

In its reply memorandum, Estate Recoveries abandons its argument that plaintiff is not a "consumer" and instead argues that

---

[2]Defendant Estate Recoveries also requests attorney fees under 15 U.S.C. § 1692k(a)(3) and moves for an award of sanctions under Federal Rule of Civil Procedure 11, on grounds that plaintiff's claims have no basis in fact or law. Needless to say, this motion is denied. Regardless, I find the motion surprising in light of defendant's failure to cite any binding or persuasive authority in support of its motion for summary judgment. Given the flurry of motions filed, I also deny plaintiffs' request to award its attorney fees in responding to the motion for sanctions.

plaintiff's claims against Estate Recoveries is barred by the statute of limitations, because the alleged prohibited conduct of Estate Recoveries occurred more than one year before plaintiff filed suit.  See 15 U.S.C. § 1692k(d).  However, plaintiff has produced evidence that Estate Recoveries mailed a letter to the "Estate of Charles U. Mathis" and made telephone calls to plaintiff in 2004, well within the statute of limitations and after plaintiff's counsel sent a "cease and desist" letter to Estate Recoveries.  Estate Recoveries prior conduct is relevant to whether the subsequent communications violated the FDCPA.  Therefore, this argument is unavailing.

B.  Plaintiff's Motion for Summary Judgment

Plaintiff moves for partial summary judgment on the issue of liability, requesting that the court find as a matter of law that defendants violated the FDCPA through their repeated communications directed at her.

Defendants oppose the motion.  Omnium argues that while plaintiff's attorney sent a cease and desist letter regarding one of the credit card accounts it was assigned to collect, the MBNA account, it ceased all collection activity on that account.  Omnium further argues that all communications alleged during the relevant period involved another account of Charles Mathis, for which no cease and desist letter was received.  Further, Omnium argues that its communications were not directed at plaintiff, because all

written notices were addressed to the "Estate of Charles U. Mathis" and not plaintiff.[3]  See Muir, 366 F. Supp. 2d at 1; Burdett, 294 F. Supp. at 1227; Dewey, 927 F. Supp. at 1174.  Omnium further disagrees that its telephone calls were "communications" because plaintiff did not answer most of the time.  Finally, Omnium contests plaintiff's allegations that the letters were abusive or harassing, or that it was told to stop contacting plaintiff by telephone.

Similarly, Estate Recoveries asserts that the cease and desist letter dated September 25, 2003, was before the credit card account of plaintiff's father was assigned to Estate Recoveries for collection in July 2004.  Further, Estate Recoveries maintains that plaintiff is not the consumer to whom the communications were directed.  Finally, both defendants maintain that many of the alleged communications from them occurred outside the statute of limitations.

Based on the current record, I cannot find as a matter of law that plaintiff is entitled to judgment in her favor on the issue of liability.  Questions of fact remain regarding whether defendants

---

[3]While it may be that a third party cannot recover for written communications addressed to the consumer, defendants do not move for summary judgment on this ground, and given the state of the record and plaintiff's evidence of cease and desist letters, I will not do so *sua sponte*.  Further, plaintiff also alleges that defendants made telephone calls to her personal phone number and attempted to collect her father's debt from plaintiff after they had been notified of his death.

communicated with plaintiff, either directly or indirectly; whether the content of defendants' written and telephone communications failed to meet the requirements of § 1692c; whether defendants' conduct was harassing or abusive under § 1692d; whether defendants made false or misleading representations in attempting to collect the debt in violation of § 1692e; and whether defendants' conduct constituted "unfair or unconscionable means to collect or attempt to collect any debt" in violation of § 1692f. Further, I find that it is a question of fact whether the cease and desist letters sent to defendants provided them with notice that plaintiff intended to cease all communications to her regarding the collection of any credit card debt owed by her father.

Finally, while plaintiff may not recover damages for actions occurring outside the one-year statute of limitations, those actions may support plaintiff's allegations that subsequent communications were harassing or abusive, or made after defendants had notice that plaintiff was represented and sought to cease all communications from defendants regarding collection of her father's debt. Therefore, questions of material fact remain, and plaintiff's motion is denied.

C. Plaintiff's Motion to Amend

Plaintiff also moves to amend her complaint to correct the spelling of Omnium, substitute Jennifer Struck for Jennifer Doe, substitute Sara Manenga for Sara Doe, drop Debbie Doe and Eric

Parham as defendants, add Chase Manhattan Bank as a defendant, add an allegation that defendants' actions violated 15 U.S.C. § 1692b, and add a state law claim for intentional infliction of emotional distress.    Defendants oppose the addition of claims and Chase Manhattan as a defendant.

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires."  The rule and relevant caselaw evince a "strong policy to permit the amending of pleadings." Sweaney v. Ada County, 119 F.3d 1385, 1392 (9th Cir. 1997) (internal quotes and citations omitted).  The court must consider several factors when considering a motion to amend: 1) undue delay, 2) bad faith, 3) prejudice to the opponent, and 4) futility of amendment.  Id. (quoting Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 766 (9th Cir. 1986)).  "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988).  As plaintiff filed no supporting affidavit, I consider only the alleged facts of record in considering her motion to amend.

I find no undue delay or bad faith with respect to plaintiff's motion.  Plaintiff's amendments were sought within the relevant discovery deadline, and plaintiff's proposed amendments do not propose additional facts to counter defendants' argument in support of summary judgment that plaintiff is not a "consumer."

14 - OPINION AND ORDER

Additionally, plaintiff's proposed claims alleging a violation of § 1692b and intentional infliction of emotional distress are based on the same actions of defendants that form the basis of plaintiff's original complaint. Therefore, I find no prejudice will result from the addition of these claims. Although the addition of Chase Manhattan Bank as a defendant would likely cause delay, I do not find any resulting prejudice to be so great as to deny plaintiff's motion on this ground alone.

The final question is whether plaintiff's amendments are futile. Section 1692b governs the content of communications between debt collectors and persons other than the consumer. Here, plaintiff was not the personal representative for the estate of her father and cannot be considered a consumer. Therefore, defendants' communications with her would be governed by this provision, and I do not find the amendment futile.

To show intentional infliction of emotional distress, plaintiff must show that: 1) defendants acted with the intent to inflict severe emotional distress on plaintiff; 2) plaintiff in fact suffered severe emotional distress; and 3) defendants' conduct extraordinarily transgressed the bounds of socially acceptable behavior. Sheets v. Knight, 308 Or. 220, 236, 779 P.2d 1000 (1989). The element of intent is met if the actor intends to inflict severe emotional distress or knows that emotional distress is certain or substantially certain to result from the actor's

conduct.  <u>McGanty v. Staudenraus</u>, 321 Or. 532, 550, 901 P.2d 841,

853 (1995).  Based on the current record, it is a question of fact

whether defendants acted with the intent or knowledge that severe

emotional distress would occur, or whether the nature of the

conduct "extraordinarily transgressed" the bounds of acceptable

conduct.  Therefore, I cannot find that this amendment is futile.

Finally, I consider the futility of plaintiff's proposed

addition of Chase Manhattan Bank as a defendant.  In her supporting

memorandum, plaintiff relies on the definition of "debt collector,"

as including a creditor who, "in the process of collecting his own

debts, uses any name other than his own which would indicate that

a third person is collecting or attempting to collect such debts."

15 U.S.C. § 1692a(6).  However, plaintiff fails to allege any facts

to support her suggestion that Chase Manhattan used the name of a

third party when attempting collect the debt owed by plaintiff's

father.  When combined with the delay that would result from the

addition of Chase Manhattan Bank, I deny this proposed amendment

absent supporting factual allegations.

///

///

///

///

///

///

CONCLUSION

Defendants' Motions for Summary Judgment (docs. 15, 37), plaintiff's Motions for Partial Summary Judgment (docs. 63, 66), defendants' Motions to Strike (doc. 32, 42, 56), and defendant Estate Recoveries' Motion for Sanctions (doc. 25) are DENIED. Plaintiff's Motion to Amend (doc. 48) is GRANTED, in part. Plaintiff shall file an amended complaint including the proposed amendments, except that plaintiff may not add Chase Manhattan as a defendant.

IT IS SO ORDERED.

Dated this _27_ day of November, 2005.


                    /s/ Ann Aiken
                      Ann Aiken
            United States District Judge