IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JAN L. MATHIS,                          Civ. No. 04-1614-AA

        Plaintiff,                      OPINION AND ORDER

    v.

OMNIUM WORLDWIDE, dba Omnium
Financial Receivable Services,
Inc., ATHENA S. ROBERSON,
JENNIFER STRUCK, SARA MANENGA,
ESTATE RECOVERIES, INC.,

        Defendants.
_____

Danny H. Gerlt
Attorney at Law
8600 S.W. 30th Ave.
Portland, OR 97219
    Attorney for plaintiff

Jeffrey I. Hasson
Davenport & Hasson
12707 N.W. Halsey St.
Portland, OR 97230
    Attorneys for defendant Estate Recoveries, Inc.


1   - OPINION AND ORDER

AIKEN, Judge:

Plaintiff filed suit alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, based on defendants' attempts to collect credit card debts owed by her deceased father.  On November 27, 2005, the court denied defendants' motions for summary judgment and plaintiff's cross-motion for partial summary judgment and allowed plaintiff to amend her complaint and allege a claim under 15 U.S.C. § 1692b and a claim for intentional infliction of emotional distress (IIED).

On February 17, 2006, after a settlement conference with Magistrate Judge Coffin, plaintiff's claims against Omnium Worldwide and individual defendants Roberson, Struck, and Manenga were dismissed by stipulation.  Thus, only plaintiff's claims against defendant Estate Recoveries, Inc. (Estate Recoveries) remain pending.  Plaintiff seeks actual and statutory damages and attorney fees for the alleged FDCPA violations and compensatory and punitive damages with respect to her IIED claim.

Plaintiff and Estate Recoveries again move for summary judgment.  Plaintiff's motion is denied, and Estate Recoveries' motion is granted.

<u>FACTS</u>

Plaintiff is the daughter and youngest child of Charles U. Mathis and Betty M. Mathis.  Beginning in 1999, plaintiff resided with her parents at the family residence at 4124 SE Hillside Drive

in Milwaukie, Oregon, acting as their care provider and assisting with their personal finances.  In that capacity, plaintiff arranged for her parents to be represented by an attorney for estate planning purposes.

On December 12, 2002, Charles Mathis died.  His will named Betty Mathis as personal representative of his estate, with Dan A. Mathis named as personal representative in the alternative. Although plaintiff was not named as the personal representative, she continued to be the care provider for her mother and managed Betty Mathis's personal finances.

Upon his death, property held jointly by Charles and Betty Mathis transferred to Betty Mathis.  Additionally, Charles Mathis's will left his property to Betty Mathis and directed payment of debts.

Charles Mathis was individually obligated for consumer debt on two credit card accounts with Chase Manhattan Bank.

In March of 2003, plaintiff provided written notice to Chase Manhattan Bank that Charles Mathis had died, that there were no assets remaining in his name, and that no probate of the estate would be filed.  However, Estate Recoveries contends that Charles and Betty Mathis possessed contractual rights in commercial property, and that in January 2003, Betty Mathis transferred her contractual interest in the property to plaintiff for no consideration.

3   - OPINION AND ORDER

On March 22, 2003, Chase Manhattan Bank wrote to "The Estate of C U Mathis, 4124 SE Hillside Dr., c/o Jan Mathis" and requested probate information regarding the estate, along with the name of any executor or attorney involved with the estate.    Apparently, plaintiff did not respond.

On June 26, 2003, Chase Manhattan Bank assigned collection of one of the two unpaid accounts (Account 5852) to Estate Recoveries, a collection agency.    The same day, Estate Recoveries sent a letter addressed to the "Estate of Charles U Mathis" at 4124 SE Hillside Drive requesting information regarding the estate.    Plaintiff cannot recall whether she provided this letter to her mother, her brother, Dan Mathis, or the attorney representing her mother.

On July 16, 2003, Estate Recoveries called the telephone number listed under plaintiff's name, 503-513-4835, and left a message.

On July 23, 2003, Estate Recoveries called 503-513-4835 again and spoke with Rick Corson, who also resided at 4124 SE Hillside Drive.    Corson stated that plaintiff was the executor of the estate and that she was represented by an attorney.    Corson did not provide Estate Recoveries with the name of the attorney and took a message instead.

On August 4, 2003, Estate Recoveries called 503-513-4835 and spoke with plaintiff.    Plaintiff stated that there was no executor for her father's estate, that Betty Mathis was in a rest home, and

that there was no money to pay Account 5852. Plaintiff also stated that she was not personally liable and refused offers from Estate Recoveries to settle the debt.

On September 8, 2003, Estate Recoveries called 503-513-4835 again and spoke with plaintiff regarding Account 5852. Plaintiff refused Estate Recoveries' offers to settle the debt for forty and thirty-five percent but eventually agreed to settle Account 5852 for a lump sum of $3,300.

On September 25, 2003, after plaintiff was informed that she was not liable for the debts of her deceased father, attorney Garvin Reiter wrote Estate Recoveries and informed it that he represented plaintiff and demanded that all communications with plaintiff cease.

On September 28, 2003, Betty Mathis died.

On October 7, 2003, Estate Recoveries closed Account 5852, stating "all effor[t]s exhausted." Plaintiff's Concise Statements of Fact, Ex. 1.

On July 15, 2004, collection of the remaining Chase Manhattan Bank account (Account 4372) was assigned to Estate Recoveries. Collection of this account was assigned previously to defendant Omnium Worldwide.

On July 29, 2004, Estate Recoveries sent a letter addressed to "Estate of Charles U Mathis" at 4124 SE Hillside Drive regarding Account 4372. Plaintiff opened this letter but did not reply.

5   - OPINION AND ORDER

On August 11, 2004, a person named Debbie from Estate Recoveries called 503-513-4835 and stated that she was calling in regards to the final affairs of Charles Mathis.  It is unclear whether Debbie spoke to plaintiff or left a voicemail message for someone to return the call.  Regardless, no further information was requested or conveyed.

On October 11, 2004, Eric from Estate Recoveries called 503-513-4835 once or twice and spoke with Rick Corson.  Corson advised Eric that there was no estate and requested that Eric mail any pertinent information.  Corson was informed that a letter was mailed in July.

On November 4, 2004, plaintiff filed this action.

On November 23, 2004, Estate Recoveries closed Account 4372 as "uncollectable."  Plaintiff's Concise Statements of Fact, Ex. 2.

## STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The materiality of a fact is determined by the substantive law on the issue.  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury

6  - OPINION AND ORDER

could return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. <u>Id</u>. at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>T.W. Elec.</u>, 809 F.2d at 630.

DISCUSSION

A. <u>Claims Under the FDCPA</u>

The FDCPA proscribes abusive collection practices by "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). Estate Recoveries argues that it committed no violation of the FDCPA within the applicable statute of limitations. Further, Estate Recoveries contends that its communications did not violate the FDCPA, because they were not directed at plaintiff, did not attempt to acquire information about

7  - OPINION AND ORDER

a "consumer," and were not harassing, oppressive, false, misleading, or unconscionable. Plaintiff maintains that the communications violated the FDCPA as a matter of law.

## 1. Statute of Limitations

Under the FDCPA, an action may be brought in United States district court "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff filed this action on November 4, 2004, and plaintiff implicitly concedes that she cannot recover under the FDCPA for communications concerning Account 5852, which occurred prior to November 4, 2003. Instead, plaintiff's claims are limited to Estate Recoveries' communications regarding Account 4372 that occurred in 2004. However, Estate Recoveries' 2003 communications may be relevant in determining whether its 2004 communications violated the FDCPA.

## 2. Communications With Third Parties

Plaintiff alleges that Estate Recoveries violated §§ 1692b, 1692c(b), 1692d, 1692e, 1692f, and 1692g of the FDCPA when it mailed a letter to plaintiff's residence in July 2004 and made two or three telephone calls to her personal telephone number in August and October 2004 regarding Account 4372. Estate Recoveries argues that these claims must fail, because it directed all communications at "the Estate of Charles U. Mathis" and not plaintiff. Additionally, it argues that plaintiff cannot seek recovery under §§ 1692b, 1692c(b), and 1692g, because those provisions are

8   - OPINION AND ORDER

intended to protect the rights of the consumer rather than third parties.[1]  I previously held and it is undisputed that plaintiff is not the "consumer" within the meaning of the FDCPA.  15 U.S.C. § 1692a(3) (consumer is "any natural person obligated or allegedly obligated to pay any debt").  Further, Estate Recoveries maintains that its communications did not violate §§ 1692d, 1692e, 169f.

Section 1692c(b) regulates communications between debt collectors and third parties.  It states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).[2]  However, as indicated, § 1692b provides an

---

[1]Estate Recoveries also argues that it is not a "debt collector" within the meaning of the FDCPA, because no "debt" is at issue.  Estate Recoveries relies on the fact that plaintiff has no evidence that her father's credit card debt was incurred "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).  Estate Recoveries' argument is without merit. It is undisputed that Estate Recoveries was attempting to collect the credit card debt of plaintiff's deceased father when it mailed the letters to plaintiff's address and made telephone calls to a number listed under plaintiff's name.  At most, plaintiff's lack of knowledge raises an issue of fact.

[2]For purposes of § 1692c, a "consumer" also includes the consumer's spouse, guardian, executor, or administrator.  15 U.S.C. § 1692c(d).  Plaintiff is the daughter of Charles Mathis, rather than a spouse or guardian, and plaintiff was not the executor or administrator of his estate.

9  - OPINION AND ORDER

exception to the prohibition in § 1692c(b) and allows debt collectors to communicate with "any person other than the consumer for the purpose of acquiring location information about the consumer." Id. § 1692b. In doing so, the debt collector must: "identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer . . . ." Id. § 1692b(1). Further, a debt collector may not communicate with a third party more than once, "unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Id. § 1692b(3).

Here, the evidence shows that Estate Recoveries mailed a letter to plaintiff's address in July 2004 that identified the debt owed by her father and sought information regarding the estate. Declaration of Jeffrey I. Hasson (Hasson Decl.), Ex. 158, p. 33.[3]

---

[3]It is questionable whether the letter of July 2004 is a communication with a third party under § 1692c(b). Notably, the letter was addressed to "Estate of Charles U Mathis." As such, it should have been forwarded to either Dan Mathis or the attorney handing the financial affairs of Betty Mathis. While the court appreciates plaintiff's desire to care for her parents, she was not the personal representative or executor of the estate. Further, plaintiff's previous contacts with Estate Recoveries in 2003 were by telephone, and plaintiff presents no evidence that Estate Recoveries knew that she resided at the same address at her parents, 4124 SE Hillside Drive. See Hasson Decl., Ex. 158, pp. 4-6 (Deposition of Jan L. Mathis (Mathis Dep.), pp. 21-26). Regardless, I need not resolve this question as I find plaintiff's claims fail on other grounds.

Further, Estate Recoveries made two or three telephone calls to her personal telephone number in August 2004 and October 2004 regarding "the affairs of Charles Mathis" and requested that the calls be returned. Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment, Ex. 2; Affidavit of Plaintiff (Second) (Plaintiff's Second Aff.), Ex. 7. Accordingly, plaintiff maintains that Estate Recoveries violated § 1692c(b) as a matter of law, because it repeatedly communicated with her regarding the debt of her father for purposes other than acquiring location information.

In ruling on the parties' previous cross-motions for summary judgment, I found that the FDCPA, as a whole, does not limit recovery to "consumers" provided that the plaintiff was subjected to the alleged violation. See Dutton v. Wolhar, 809 F. Supp. 1130, 1134 (D. Del. 1992) ("[R]ecovery under the FDCPA is not limited to "consumers.'"). However, the Sixth Circuit and other courts have held that "only a 'consumer' has standing to sue for violations under 15 U.S.C. § 1692c[,] . . . the most restrictive of the FDCPA's provisions." Wright v. Fin. Serv. of Norwalk, Inc., 22 F.3d 647, 649 n.1 (6th Cir. 1994) (en banc); see also Montgomery v. Huntington Bank & Silver Shadow Recovery, Inc., 346 F.3d 693, 696-97 (6th Cir. 2003) (accord); Mantell v. Feingold & Levy, 1997 WL 45313 *3 (N.D. Ill. Jan. 30, 1997) ("[O]nly consumers may sue under § 1692c, while claims under § 1692e are not so limited.").

The holding in Wright comports with the underlying purpose of

§ 1692c:  to protect the consumer's privacy and reputation and prevent the loss of employment.  "'Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer.  Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'" West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting  S. Rep. No. 95-382, *reprinted at* 1977 U.S. Code & Admin. News 1695, 1699); see also West v. Costen, 558 F. Supp. 564, 575 (W.D. Va. 1983) ("Like other sections of the FDCPA, its prohibition against certain third party contacts by debt collectors is designed to protect a consumer's reputation and privacy, as well as to prevent loss of jobs resulting from a debt collector's communication with a consumer's employer concerning the collection of a debt.") (footnote omitted).  Plaintiff does not cite and I am unaware of any court allowing a third party to recover for a technical violation of § 1692c.

At the same time, courts have allowed third parties to recover for communications directed at them if the communications violated provisions of the FDCPA that do not limit relief to "consumers." See Wright, 22 F.3d at 649 ("Unlike other sections of the act where relief is limited to 'consumers,' under § 1692e a debt collection practice need not offend the alleged debtor before there is a violation of the provision.") (footnote omitted); Conboy v. At & T

Corp., 84 F. Supp. 2d 492, 504-05 (S.D.N.Y. 2000), aff'd, 241 F.3d 242 (2nd Cir. 2001) (noting that subsections of § 1692(e) do not limit the FDCPA's protections to the statutory definition of "consumer"); Dutton, 809 F. Supp. at 1134-35 (discussing § 1692e; legislative history of the FDCPA supports protecting individuals who are not debtors but who are "subject to harassment by debt collectors"); Whatley v. Universal Collection Bureau Inc., 525 F. Supp. 1204, 1205 (N.D. Ga. 1981) (threatening call to debtor's parents "at a minimum" would violate §§ 1692c(b) and 1692d); Walker v. Gallegos, 2002 WL 31990400 *1 (D. Ariz. Dec. 19, 2002) (subsections under § 1692e and § 1692f "do not limit relief to consumers"); Wenrich v. Robert E. Cole, P.C., 2001 WL 4994 *4 (E.D. Pa. Dec. 22, 2000) (parents of debtor could bring cause of action under §§ 1692e and 1692f).  Thus, plaintiff may establish liability under the FDCPA if Estate Recoveries' letter or telephone calls violated §§ 1692d, 1692e, or 1692f.

Section 1692d includes examples of conduct that is considered abusive or harassing:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d. Likewise, § 1692e describes false and deceptive misrepresentations that are actionable. Id. § 1692e(1)-(16). Finally, § 1692f lists conduct that is considered unfair collection practices. Id. § 1692f(1)-(8).

Plaintiff here presents no evidence that Estate Recoveries engaged in conduct similar to that enumerated above. Plaintiff alleges no threats, no profane language, no publication or advertising of debt, and no continuous or anonymous phone calls on the part of Estate Recoveries. Rather, plaintiff alleges that Estate Recoveries sent one letter and made two or three phone calls over a two-month period, all of which requested information regarding the estate. Even if the 2003 communications are considered, they were neither harassing nor abusive so as to render the 2004 communications a continuation of such conduct. At most, plaintiff alleges that Estate Recoveries engaged in "pressure tactics" when attempting to settle Account 5852 in September of 2003. Plaintiff's Second Aff., p. 4. In her deposition, however, plaintiff admitted that Estate Recoveries' actions were not

harassing, oppressive, misleading, or unconscionable. Hasson Decl., Ex. 158, pp. 26-27 (Mathis Dep., pp. 220-21).

Further, plaintiff does not and cannot allege false or deceptive misrepresentations on the part of Estate Recoveries when the communications within the limitations period requested only information regarding the estate. Similarly, plaintiff identifies no unfair collection practice, other than claiming that the envelope containing the July 2004 letter violated § 1692f(8). That provision prohibits:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f(8). Granted, the return address on the envelope includes the name "Estate Recoveries, Inc.," along with the phrase "Over 15 Years of Service to the Financial Industry" in small type. Nonetheless, I do not find that the name "Estate Recoveries, Inc." suggests a debt collection business so as to violate § 1692f(8). See Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 318-19 (8th Cir. 2004). Thus, plaintiff presents no evidence that Estate Recoveries' conduct was harassing, abusive, misleading, or unfair.

Finally, § 1692g requires a debt collector to provide "the consumer" with a debt validation notice including specific information about the debt. Id. § 1692g(a)(1)-(5). Because she is

not the consumer, plaintiff cannot bring a cause of action under this provision. Therefore, plaintiff fails to raise a genuine issue of material fact that Estate Recoveries violated any provision of the FDCPA.

B.  Intentional Infliction of Emotional Distress

To establish a claim for IIED, plaintiff must show that: 1) Estate Recoveries acted with the intent to inflict severe emotional distress on plaintiff; 2) plaintiff in fact suffered severe emotional distress; and 3) Estate Recoveries' conduct extraordinarily transgressed the bounds of socially acceptable behavior. Sheets v. Knight, 308 Or. 220, 236, 779 P.2d 1000 (1989). The element of intent is met if the actor intends to inflict severe emotional distress or knows that emotional distress is certain or substantially certain to result from the actor's conduct. McGanty v. Staudenraus, 321 Or. 532, 550, 901 P.2d 841, 853 (1995).

Abusive debt collection telephone calls may support a claim for IIED, see, e.g., Turman v. Central Billing Bureau, Inc., 279 Or. 443, 447-48, 568 P.2d 1382 (1977), and the repeated nature of allegedly harassing behavior is relevant to whether conduct is extreme or outrageous. Williams v. Tri-County Metro. Transp. Dist., 153 Or. App. 686, 694, 958 P.2d 202 (1998). However, "[c]onduct that is merely 'rude, boorish, tyrannical, churlish and mean' does not satisfy that standard[.]" Watte v. Edgar Maeyens,

16  - OPINION AND ORDER

<u>Jr., M.D., P.C.</u>, 112 Or. App. 234, 239, 828 P.2d 479 (1992) (quoting <u>Patton v. J.C. Penney Co.</u>, 301 Or. 117, 124, 719 P.2d 854 (1986)).

For the same reasons as explained above, plaintiff does not present evidence that Estate Recoveries engaged in abusive, harassing, or other "outrageous" conduct.  Plaintiff presents no evidence that Estate Recoveries used profane language, issued threats, or called incessantly at all hours of the day.  Rather, Estate Recoveries called plaintiff six or eight times over a period of fourteen months seeking collection of unpaid credit card debts, and plaintiff alleges that one caller engaged in "pressure tactics" when attempting to settle Account 5852.  Plaintiff's Memorandum in Support of Partial Summary Judgment, Exs. 1-2; Plaintiff's Second Aff., p. 4.  However, this conduct does not suffice to support a claim for IIED.  <u>See</u> <u>Conboy v. AT & T Corp.</u>, 241 F.3d 242, 258-59 (2d Cir. 2001) ("Plaintiffs were not physically threatened, verbally abused, or publicly humiliated in any manner. . . . They were only harassed with numerous telephone calls from debt collectors.  This conduct is not so outrageous as to go beyond all possible bounds of decency or to be regarded as utterly intolerable in a civilized society.") (quotation marks and citation omitted).

Accordingly, plaintiff fails to present evidence to raise a genuine issue of fact that Estate Recoveries engaged in conduct exceeding the bounds of socially acceptable behavior.

17  - OPINION AND ORDER

<u>CONCLUSION</u>

Estate Recoveries' Motion for Summary Judgment (doc. 107) is GRANTED, and plaintiff's Motion for Partial Summary Judgment (doc. 113) is DENIED.  Plaintiff's Motion to Append Additions and Corrections (doc. 127) is DENIED as moot.  Judgment shall issue in favor of defendant Estate Recoveries, Inc.  Each party shall bear its own costs.

IT IS SO ORDERED.

Dated this  4   day of June, 2006.


_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge

18  - OPINION AND ORDER